UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
THOMAS ALLEN CHESLEY

                Debtor.
_____/

THOMAS ALLEN CHESLEY,

                Appellant,

v.                        Case No.  8:16-mc-67-T-33
                        Bankr. No. 8:11-bk-13785-KRM
                        Adv. No.   8:14-ap-490-KRM

GUY G. GEBHARDT, United States
Trustee,

                Appellee.
_____/

### ORDER

    This matter comes before the Court pursuant to three pro se Motions filed by debtor Thomas Allen Chesley: "Verified Motion to Extend Time to File Designation of Record and Appellant's Brief" (Doc. # 1), "Appellant's Motion to Strike Judge K. Rodney May's Order Striking Notice of Appeal" (Doc. # 3), and "Appellant's Motion to Use Court's Docket in Lieu of a Separate Designation of Record Docket Sheets" (Doc. # 4). The Court denies the Motions as follows.

### Discussion

    Chesley filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Middle District of

Florida on July 21, 2011, under case no. 8:11-bk-13785-KRM. That case is still being actively litigated, and the docket reflects that a hearing is scheduled to take place on June 27, 2016, to determine whether Chesley should be held in contempt. (Bankr. Doc. # 772).

Chesley has filed numerous appeals in the context of his bankruptcy case. For instance, on March 17, 2014, this Court decided a prior appeal in which it affirmed Judge May's determination that proceeds from Chesley's personal injury settlement were not exempt assets. In re Chesley, 526 B.R. 888 (M.D. Fla. 2014).

In the context of a related adversary proceeding (8:14-ap-490-KRM), the United States Trustee has filed a petition to deny Chesley's bankruptcy discharge, arguing that Chesley committed fraud. At this time, Chesley indicates that he "filed for an appeal against multiple orders placed by the bankruptcy court" and specifies that the notice of appeal was filed on May 16, 2016. (Doc. # 1 at 1). He requests an extension of time to file a designation of the record and his initial brief. He also indicates that he is having technical difficulties gaining access to the Court's pacer service and accordingly seeks to be excused from designating the record - instead suggesting that the Court could simply view the

Bankruptcy Court's docket "in lieu of a separate designation of record." (Doc. # 4 at 1).   He also raises substantive arguments concerning the propriety of Judge May's Orders and seeks an Order from this Court striking the Judge May's Orders from the record.   None of this relief is appropriate.

Chesley is no stranger to the process of prosecuting a bankruptcy appeal.   Here, the Court reminds Chesley of the requirements of Federal Rule of Bankruptcy Procedure 8009, which governs the "Record on Appeal."   That Rule states:

> The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.   The appellant must file and serve the designation and statement within 14 days after the appellant's notice of appeal as of right becomes effective under Rule 8002; or an order granting leave to appeal is entered.

Fed. R. Bankr. Pro. 8009(a).

The Court is not at liberty to waive the important procedural requirement of designating the record on appeal. Nor would the Court be willing to allow Chesley to simply rely on various court docketsheets that may be available online. As the appellant, Chesley must follow the applicable procedural requirements that are in place for the prosecution of an appeal. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, he is

subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Chesley expresses his suspicion that the Bankruptcy Court has placed "blocks" on relevant Court documents "in prevention of the appellant's appeal." (Doc. # 4 at 1). These accusations are unfounded, as Chesley stands on equal footing with all other litigants. In the instance that Chesley is having trouble navigating the appellate process as a pro se litigant, the Court suggests that he may consider retaining an attorney to assist him in this matter. At this time, however, the Court denies Chesley's request to extend the deadline to file a designation of the record and to file the initial brief because Chesley has not shown good cause.

The Court also denies Chesley's request that this Court "strike" Orders issued by Judge May. In requesting that the Court strike relevant Bankruptcy Court Orders via motion, it appears that Chesley is attempting to bypass the procedural requirements attendant to prosecuting a bankruptcy appeal. In the instance that Chesley disagrees with Orders of the Bankruptcy Court, he should file an appeal, rather than a miscellaneous motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

-4-

(1)   Thomas Allen Chesley's "Verified Motion to Extend Time to File Designation of Record and Appellant's Brief" (Doc. # 1), "Appellant's Motion to Strike Judge K. Rodney May's Order Striking Notice of Appeal" (Doc. # 3), and "Appellant's Motion to Use Court's Docket in Lieu of a Separate Designation of Record Docket Sheets" (Doc. # 4) are **DENIED.**

(2)   The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE